UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| TRAVAR MONROE GRANT,<br><br>        Petitioner,<br><br>   vs.<br><br>COUNTY OF RIVERSIDE SUPERIOR COURT,<br><br>        Respondent. | No. EDCV 11-0130-CAS(AJW)<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |

On January 19, 2011, petitioner filed a petition for a writ of habeas corpus challenging his 2009 conviction in the Riverside County Superior Court. [Petition at 2].

From the face of the petition, it is evident that petitioner has not exhausted his state remedies by presenting his claims to the California Supreme Court. To the contrary, petitioner was convicted on December 28, 2009, and sentenced on January 22, 2010. [Petition at 2]. He appealed to the California Court of Appeal, and that appeal is pending. [Petition]. For the following reasons, the petition is subject to summary dismissal.

A state prisoner is required to exhaust all available state court

1  remedies before a federal court may grant him habeas relief.  28
2  U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).
3  The exhaustion requirement is satisfied when the substance of a
4  petitioner's federal claim has been fairly presented to the state's
5  highest court.  O'Sullivan, 526 U.S. at 842; Duncan v. Henry, 513 U.S.
6  364, 365 (1995)(per curiam). Because petitioner has not exhausted his
7  state remedies, this Court cannot grant him relief.  See 28 U.S.C. §
8  2254(b).

9      To the extent that petitioner seeks federal court intervention in
10 an ongoing criminal proceeding, such interference is not appropriate
11 in this case. See Younger v. Harris, 401 U.S. 37, 43-54
12 (1971)(explaining that under principles of comity and federalism, a
13 federal court should not interfere with ongoing state criminal
14 proceedings by granting injunctive or declaratory relief absent
15 extraordinary circumstances); see also Drury v. Cox, 457 F.2d 764,
16 764-765 (9th Cir. 1972) (per curiam)("[O]nly in the most unusual
17 circumstances is a defendant entitled to have federal interposition by
18 way of injunction or habeas corpus until after the jury comes in,
19 judgment has been appealed from and the case concluded in the state
20 courts."). Petitioner has not alleged "extraordinary circumstances"
21 such as the state's bad faith or harassment, or that the charges
22 against him are "flagrantly and patently violative of express
23 constitutional prohibitions." Younger, 401 U.S. at 53-54.
24 ///
25 ///
26 ///
27    For the foregoing reasons, the petition is dismissed without
28 prejudice to its refiling after petitioner's criminal proceedings,

2

including any direct appeal, are completed, and after petitioner has properly exhausted his claims by fairly presenting them to the California Supreme Court.

Dated: February 1, 2011

_____
Christina A. Snyder
United States District Judge